UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DON'SHON RONALD ALBERT STREET,

        Plaintiff,          Case No. 1:22-cv-356

v.          Honorable Paul L. Maloney

BERRIEN COUNTY JAIL et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 5.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Berrien County Jail and Bailey. The Court will serve the complaint against remaining Defendant Simmons.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated at the Berrien County Jail in St. Joseph, Berrien County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the Berrien County Jail, Chaplain Russell Simmons, and Sheriff Paul Bailey.

In Plaintiff's complaint, he states that he is a Sunni Muslim. (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that on February 7, 2022, he spoke with Defendant Simmons "about obtaining a Holy Qu'ran and the upcoming month of Ramadan." (*Id.*) Plaintiff also requested "to be placed on a no pork meal based on [his] religion." (*Id.*) In response, Defendant Simmons advised Plaintiff that he did not "pass out Qu'rans[,] only Bibles." (*Id.*) Plaintiff also contends that Defendant Simmons stated, "Ramadan is not a[] verified tradition so there's nothing to be done," and "[n]ot eating pork is not going to stop you from going to hell." (*Id.*) Plaintiff states that he finds these statements to be offensive. (*Id.*) Plaintiff "grieved this matter to the shift commander, jail administrator[,] and also the sheriff, Sheriff Bailey," however, Plaintiff did not receive a response. (*Id.*)

Plaintiff "was placed on a no meat diet but [was] still given pork based products," which Plaintiff "had to trash." (*Id.*) Further, during the month of Ramadan, Plaintiff "was forced to save all of [his] meals throughout the day to eat at the proper time which subjected [him] to having all [of his] saved meals thrown away by deputies stating it was against rules and regulations to save food." (*Id.*) Plaintiff alleges that he has lost 30 pounds "due to [his] meals [being] thrown away during the month of Ramadan and food [he] couldn't eat due to the risk of defiling [his] body and going against dietary laws of [his] religion." (*Id.*) Plaintiff contends that "[t]hese violations are caused by Sheriff Bailey, Chaplain Russell Simmons and the Berrien Co[unty] Jail Rules and Regulations Handbook for Personal Problems and Meals for Special Diets." (*Id.*)

Plaintiff does not identify the specific constitutional rights that Defendants infringed; however, the allegations in his complaint against the named Defendants implicate the protections of the First Amendment. As relief, Plaintiff seeks compensatory damages and "attorney fees,"[1] as well as injunctive relief. (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

---

[1] The Court notes that, at this time, Plaintiff is proceeding *pro se* in this action and has not filed any request for the appointment of counsel.

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Defendant Berrien County Jail

Plaintiff names the Berrien County Jail as a Defendant. (Compl., ECF No. 1, PageID.2.) However, the Berrien County Jail is a building, not an entity capable of being sued in its own right. Nevertheless, construing Plaintiff's *pro se* complaint with all required liberality, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court assumes that Plaintiff intended to sue Berrien County. Berrien County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60.

"[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639

4

(6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the governmental body's officers. *Monell*, 436 U.S. at 690. A "custom" is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (citations omitted).

Here, without providing any further explanation, Plaintiff makes a conclusory allegation that "these violations [were] caused by Sheriff Bailey, Chaplain Russell Simmons and the Berrien Co[unty] Jail Rules and Regulations Handbook for Personal Problems and Meals for Special Diets." (Compl., ECF No. 1, PageID.3.) Although Plaintiff alleges in a conclusory manner that the "violations [were] caused" by Defendants Bailey and Simmons and "the Berrien Co[unty] Jail Rules and Regulations Handbook for Personal Problems and Meals for Special Diets," Plaintiff fails to provide any explanation about the existence of a specific policy in the handbook that caused the harm. (*See id.*) Plaintiff's conclusory reference to the Berrien County Jail's Rules and Regulations Handbook is insufficient to identify a policy and to "show that the particular injury was incurred because of the execution of that policy," both of which are required to state a § 1983 claim against a municipality. *See Turner*, 412 F.3d at 639 (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

Furthermore, to the extent that Plaintiff suggests the existence of a custom at the Berrien County Jail, his allegations are wholly conclusory. As the United States Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that

5

the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Plaintiff's allegations do not show a widespread pattern. Further, to the extent that Plaintiff intended to suggest such a pattern, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Berrien County.

Accordingly, the Court will dismiss the Berrien County Jail and Plaintiff's claims against this Defendant.

**B.     Defendant Bailey**

Plaintiff's sole allegation against Defendant Bailey—the Berrien County Sheriff—is that he failed to respond to Plaintiff's grievance. (Compl., ECF No. 1, PageID.3.) However, § 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Plaintiff's sole allegation against Defendant Bailey is that he failed to respond to an administrative grievance, Plaintiff fails to state a § 1983 claim against Defendant Bailey.

Furthermore, to the extent that Plaintiff intended to hold Defendant Bailey liable for the actions of his subordinates, government officials, such as Defendant, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899;

*Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300) (citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff has failed to allege that Defendant Bailey engaged in any active unconstitutional behavior. Further, Plaintiff has failed to allege any facts showing that Defendant Bailey encouraged or condoned the conduct of his subordinates, or authorized, approved or knowingly acquiesced in the conduct. Plaintiff's vague and conclusory allegations of supervisory responsibility are insufficient to show that Defendant Bailey was personally involved in the alleged violation of Plaintiff's rights.

Accordingly, for all of the reasons set forth above, Plaintiff fails to state a claim against Defendant Bailey.

### C. Defendant Simmons

Plaintiff's allegations against Defendant Simmons implicate the protections of the First Amendment. (*See* Compl., ECF No. 1, PageID.3.)

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Accordingly, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.* While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials"). Additionally, "the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.'" *Lee v. Weisman*, 505 U.S. 577, 587 (1992) (alteration in original) (citations omitted).

Here, although Plaintiff has by no means proven that Defendant Simmons's actions violated Plaintiff's First Amendment rights, the Court concludes that Plaintiff's claims against Defendant Simmons may not be dismissed on initial review.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Berrien County Jail and Bailey will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendant Simmons remain in the case. The Court will serve the complaint against Defendant Simmons.

An order consistent with this opinion will be entered.


Dated:   August 9, 2022                             /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge