UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DON'SHON RONALD ALBERT STREET, | Case No. 1:22-cv-356 |
| Plaintiff, | Honorable Paul L. Maloney |
| v. | |
| BERRIEN COUNTY JAIL, et al., | |
| Defendant. | |

| | |
|---|---|
| DON'SHON RONALD ALBERT STREET<br>PRO SE<br>#949045<br>Bellamy Creek Correctional Facility<br>1727 Bluewater Hwy<br>Ionia, MI 48846 | JAMES A. CROCKER (P74119)<br>KOPKA PINKUS DOLIN PC<br>Attorneys for Defendant Simonson<br>190 Monroe Ave. NW, Suite 400<br>Grand Rapids, MI 49503<br>(248) 324-2620 x400 / (248) 324-2610 [FAX]<br>JACrocker@kopkalaw.com |

## DEFENDANT RUSSELL SIMONSON'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 56(a)

NOW COMES Defendant, RUSSELL SIMONSON, by and through his attorneys, Kopka Pinkus Dolin, PC, and in support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(a), states as follows:

1. This lawsuit arises out of an incident that occurred on February 7, 2022, while Plaintiff was an inmate at the Berrien County Jail in St. Joseph, Michigan (See, **Exhibit A** – **Complaint**).

2. Plaintiff filed allegations against the Berrien County Jail, Sheriff Paul Bailey, and Chaplain Russell Simonson (See, **Ex. A** at p. 3).

3. Plaintiff's allegations as to Defendants Berrien County Jail and Sheriff Paul Bailey were dismissed for failure to state a claim under 42 U.S.C. § 1983 (See, **Exhibit B – Aug. 9, 2022, Court Opinion** at p. 9).

4. The allegations against Defendant Simonson remain in the present matter (See, **Ex. B** at p. 9).

5. At the time, Defendant Russell Simonson was an employee of Forgotten Man Ministries, a Christian charitable organization (See, **Exhibit C – Affidavit of Russell Simonson** at p. 1).

6. As part of Defendant Simonson's employment with Forgotten Man Ministries, he served as a chaplain at the jail (See, **Ex. C** at p. 1).

7. Plaintiff alleged he is a Sunni Muslim (See, **Ex. A** at p. 4).

8. On the aforementioned date, Plaintiff requested from Defendant Simonson a Holy Quran and placement on a no pork diet in conformance with his religion (See, **Ex. A** at p. 4).

9. Plaintiff alleged he was denied these requests by Defendant Simonson, so Plaintiff reported his complaints verbally to the shift commander, jail administrator, and Sheriff Paul Bailey (See, **Ex. A** at p. 4).

10. Plaintiff claims he received no response to his complaints (See, **Ex. A** at p. 4).

11. As a result, Plaintiff filed the complaint in the instant matter.

12. The Prison Litigation Reform Act requires the Plaintiff to exhaust his administrative remedies prior to filing a lawsuit. *See* 42 U.S.C. § 1997e(a).

13. Proper exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 126 (2006).

14. To meet the exhaustion requirement, Plaintiff must demonstrate proper compliance with the jail's grievance policies, including its deadlines and procedural rules. *Id.* at 90.

15. Here, Plaintiff did not exhaust his administrative remedies.

16. Plaintiff's grievance was not communicated in writing, as required by the jail's rules and regulations.

17. Thus, Plaintiff is barred from bypassing the grievance process pursuant to the Prison Litigation Reform Act.

18. Pursuant to 42 U.S.C. § 1983, the Plaintiff must demonstrate a deprivation of rights secured by the Constitution and laws of the United States and the deprivation was caused by a state actor. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003), citing *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (internal quotation marks and citation omitted).

19. In the present matter, Defendant Simonson never acted under the color of state law.

20. Defendant Simonson was never an employee of the jail and never received compensation from the jail.

21. Defendant Simonson was only an employee of Forgotten Man Ministries and did not perform any duties at the jail pursuant to a formal contract with the jail.

22. Forgotten Man Ministries is a private, non-profit Christian ministry that serves inmates in Michigan county jails that relies upon donations for their continued operations throughout Michigan.

23. Thus, Plaintiff's First Amendment claim against Defendant Simonson shall be dismissed.

WHEREFORE, Defendant RUSSELL SIMONSON, respectfully requests this Honorable Court grant this Motion to Dismiss and dismiss Plaintiff DON'SHON RONALD ALBERT STREET'S claims, with prejudice.

        Respectfully Submitted,

        KOPKA PINKUS DOLIN PC

        By: */s/ James A. Crocker*
            JAMES A. CROCKER (P74119)
            Attorneys for Defendant
            190 Monroe Ave. NW, Suite 400
            Grand Rapids, MI  49503
            (248) 324-2620 x400

Dated: March 9, 2023

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON'SHON RONALD ALBERT STREET,	Case No. 1:22-cv-356

    Plaintiff,	Honorable Paul L. Maloney

v.

BERRIEN COUNTY JAIL, et al.,

    Defendant.

| | |
|---|---|
| DON'SHON RONALD ALBERT STREET<br>PRO SE<br>#949045<br>Bellamy Creek Correctional Facility<br>1727 Bluewater Hwy<br>Ionia, MI 48846 | JAMES A. CROCKER (P74119)<br>KOPKA PINKUS DOLIN PC<br>Attorneys for Defendant Simonson<br>190 Monroe Ave. NW, Suite 400<br>Grand Rapids, MI 49503<br>(248) 324-2620 x400 / (248) 324-2610 [FAX]<br>JACrocker@kopkalaw.com |

**DEFENDANT RUSSELL SIMONSON'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 56(a)**

NOW COMES Defendant, RUSSELL SIMONSON, by and through his attorneys, Kopka Pinkus Dolin, PC, and for his Brief in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(a), states as follows:

**I.	ISSUE STATEMENTS**

A.	Whether this Court should dismiss this action because Plaintiff has not exhausted his administrative remedies pursuant to the Prison Litigation Reform Act.

B.	Whether this Court should dismiss this action because Plaintiff failed to demonstrate Defendant Simonson was acting under the color of state law as to Plaintiff's First Amendment claims.

II.      INTRODUCTION AND STATEMENT OF FACTS

Plaintiff filed this complaint while imprisoned at the Berrien County Jail in St. Joseph, Michigan (See, **Exhibit A – Complaint**). Plaintiff filed allegations against the Berrien County Jail, Sheriff Paul Bailey, and Chaplain Russell Simonson (See, **Ex. A** at p. 3). Plaintiff's allegations as to Defendants Berrien County Jail and Sheriff Paul Bailey were dismissed for failure to state a claim under 42 U.S.C. § 1983 (See, **Exhibit B – Aug. 9, 2022, Court Opinion** at p. 9). The allegations against Defendant Simonson remain in the present matter (See, **Ex. B** at p. 9).

Defendant Simonson was an employee of Forgotten Man Ministries for approximately twenty years prior to his retirement in December of 2022 (See, **Exhibit C – Affidavit of Russell Simonson** at p. 1). Forgotten Man Ministries is a Christian volunteer ministry that serves inmates in Michigan county jails. It is a charitable organization that relies upon donations for their continued operations throughout Michigan. As part of his duties, Defendant Simonson worked as a chaplain at the Berrien County Jail, where he offered Christian services and counseling to inmates (See, **Ex. C** at p. 1). Defendant Simonson did not report to anyone at the jail and any compensation he received came from Forgotten Man Ministries (See, **Ex. C**).

Plaintiff alleged he is a Sunni Muslim (See, **Ex. A** at p. 4). On February 7, 2022, Plaintiff stated he spoke with Defendant Simonson regarding obtaining a Holy Quran for the month of Ramadan (See, **Ex. A** at p. 4). In addition, Plaintiff requested from Defendant Simonson placement on a no pork diet in conformance with his religion (See, **Ex. A** at p. 4). Plaintiff alleges Defendant Simonson responded by stating he did not pass out Qurans, only Bibles (See, **Ex. A** at p. 4). Plaintiff stated he was put on a no meat diet but was still given pork, which he had to throw away (See, **Ex. A** at p. 4). Also, in accordance with Ramadan, he was forced to

save his meals throughout the day and eat at the proper time (See, **Ex. A** at p. 4). Plaintiff claims that subjected him to having meals thrown away by deputies, as it was against jail rules and regulations to save food (See, **Ex. A** at p. 4). Plaintiff alleges he lost 30 pounds due to this (See, **Ex. A** at p. 4).

Plaintiff alleged he reported his complaints to the shift commander, jail administrator, and Sheriff Paul Bailey (See, **Ex. A** at p. 4). He states he never received a response (See, **Ex. A** at p. 4). As a result, Plaintiff filed the complaint in the instant matter.

### III.  STANDARDS OF REVIEW

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S. Ct. 1937, 1949 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007). This facial plausibility standard requires claimants to put forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965. The factual allegations must be enough to raise a right to relief above the speculative level. *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965 (internal citations omitted). "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 555.

Summary judgment is properly granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The standard for determining whether summary judgment is appropriate is whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law. *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005). The party opposing summary judgment must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**IV.  ARGUMENT**

    **A.  Plaintiff failed to exhaust his administrative remedies pursuant to the PLRA**

The Prison Litigation Reform Act (PLRA) requires the Plaintiff to exhaust his administrative remedies prior to bringing this action. *See* 42 U.S.C. § 1997e(a). Proper exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 126 (2006). To meet the exhaustion requirement, Plaintiff must demonstrate proper compliance with the jail's grievance policies, including its deadlines and procedural rules. *Id.* at 90.

The Berrien County Jail Inmate Rules and Regulations outline the jail's administrative remedy process (See, **Exhibit D** – **Berrien County Jail Inmate Rules and Regulations**). The grievance process is outlined as follows:

> "Special complaints regarding deputies' actions or grievances regarding disciplinary actions can be addressed by writing the jail operations lieutenant, jail administrator, undersheriff or sheriff. Action will be taken depending on the situation and circumstances of the grievance" (See, **Ex. D** at p. 3).

Here, Plaintiff did not meet the exhaustion requirement pursuant to the PLRA and the Berrien County Jail's Rules and Regulations. In his complaint, Plaintiff stated he "grieved this matter to the shift commander, jail administrator, and Sheriff Bailey" but did not receive a response. Plaintiff admits this alleged grievance was made verbally. Clearly, Plaintiff did not follow the jail's grievance protocol because he did not communicate his grievances in writing.

Thus, he could not bypass the grievance process and file his legal complaint in this Court. As such, Plaintiff's allegations as to Defendant Simonson shall be dismissed pursuant to 42 U.S.C. § 1997e(c) for failure to state a claim upon which relief can be granted.

> **B. Plaintiff failed to demonstrate Defendant Simonson was a person acting under the color of state law**

Pursuant to 42 U.S.C. § 1983, a plaintiff's claim must satisfy two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003), citing *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (internal quotation marks and citation omitted). A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct was. *Tahfs*, 316 F.3d at 590, citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 143 L. Ed. 2d 130, 119 S. Ct. 977 (1999) (internal quotation marks and citations omitted).

In the present matter, Defendant Simonson was never acting under the color of state law. There is no evidence or allegation Defendant Simonson implemented a rule curtailing Plaintiff's religious freedom and Plaintiff has not cited to any law or regulation imposing a duty on Defendant Simonson to outfit Plaintiff with a Quran or non-pork meals. At no time was Defendant Simonson an employee of the Berrien County Jail. At no time did Defendant Simonson receive compensation from Berrien County Jail. He was only an employee of Forgotten Man Ministries. Defendant Simonson did not perform any duties at the jail pursuant to any formal contract with Berrien County or the Berrien County Jail. Defendant Simonson was in no way, shape, or form part of the chain of command at the jail and had no authorization to carry out any formal operations on behalf of the jail. Any materials Defendant Simonson provided to inmates were donated to his employer, Forgotten Man Ministries, and were to be used for their

private charitable intent. Lastly, he did not report to anyone at the jail. Notably, Plaintiff's hand-written complaint identified Defendant Simonson as a defendant being sued in Defendant Simonson's "personal capacity" (See, **Ex. A** at p. 3). Plaintiff cannot maintain a First Amendment claim against Defendant Simonson. Thus, Plaintiff's claim shall be dismissed.

## V.     CONCLUSION

WHEREFORE, Defendant RUSSELL SIMONSON respectfully requests this Honorable Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(a) and dismiss Plaintiff DON'SHON RONALD ALBERT STREET'S claims, with prejudice, for the reasons stated above.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

By:  */s/ James A. Crocker*
    JAMES A. CROCKER (P74119)
    Attorneys for Defendant
    190 Monroe Ave. NW, Suite 400
    Grand Rapids, MI  49503
    (248) 324-2620 x400

Dated: March 9, 2023